Dear Mayor Fontenot:
You question concerns the reconfirmation procedure of city department heads under the legislative charter of the City of New Iberia. Specifically, you ask the following question:
 Once a department head is appointed and confirmed by the Board of Trustees, is it necessary that the department head be reconfirmed at any time?
This question was addressed in Attorney General Opinion 96-526. Therein, the author concluded that by the terms of the city charter the department heads are considered employees who need not be reconfirmed at the first meeting after the election. This determination was based upon Section 21 of the charter, which provides that "elective officers shall be the only officers of [the] city" and "all other persons in the service of the city, or any commission, or board thereof, are hereby declared to be employees." Further, Section 21 of the city charter provides these employees are "subject to removal at any time, at its pleasure, and without cause, by the mayor and board of trustees."
Thus, we affirm Opinion 96-526, and conclude that it is unnecessary for a department head to be reconfirmed at any time. These individuals serve at the pleasure of the mayor and the board of trustees until such time as they are removed from their positions.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ____________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Date Received:
Date Released: August 27, 2001
OPINION NUMBER 96-526
JANUARY 14, 1997
71-1 Municipalities Special Charters 77 Officers — Local Municipal
By the City Charter department heads are employees who need not be reconfirmed at the first meeting after the election.
Mr. Cliff Aucoin Mayor, City of New Iberia 457 East Main St., Room 300 New Iberia, LA 70560-3700
Dear Mayor Aucoin:
This office is in receipt of your request for an opinion of the Attorney General in regard to appointment of city department heads. You ask the following:
 Once a city department head is appointed by the Mayor and confirmed by the Board of Trustees in accordance with Section 14 of the Special Legislative Charter of the City of New Iberia, must that department head be appointed and confirmed again at the first regular meeting of the board of trustees succeeding each regular municipal election?
It does not appear that the city charter sets forth a specific term for department heads and non-elected city officers but does provide under Section 14, "Mayor, powers and duties", while he has the power to appoint and remove all municipal employees, there is the requirement that appointment of the city engineer, the city prosecutor, the city attorney, the city clerk, the tax collector, the treasurer, the license collector, the general city inspector, all department heads, and person to boards and commissions "shall be subject to approval of the board".
However, we find it is significant to observe under Section 21 that it states "elective officers shall be the only officers of city" and "all other persons in the service of the city, or any commission, or board thereof, are hereby declared to beemployees." As such it would seem logical that as "employees" these individuals would not have specified terms, and, therefore, would not have to be reappointed at the first meeting of the board of trustees following the regular municipal election.
We find further support for this conclusion by the fact that Section 21 further provides these employees are "subject to removal at any time, at its pleasure, and without cause, by the mayor and board of trustees."
As noted by your City Attorney, this office has stated in Atty. Gen. Op. No. 89-385 that the City Attorney was not required to be reappointed and confirmed at the beginning of each board term as those officials under R.S. 33:386 (A). However, this conclusion was distinguished in Atty. Gen. Op. No. 91-28 where the town attorney, having been designated a town officer by ordinance, was found to need confirmation at the first meeting.
In the instant case by the city charter the department heads are not officers of the city but only employees. Accordingly, we find they need not be reconfirmed at the first regular meeting following the municipal election.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: _________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR